**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4082**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

JAMES EUGENE MOORE, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:09-cr-00002-RLV-DSC-1)

Submitted:  March 14, 2012          Decided:  March 28, 2012

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Eugene Moore, Jr., pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006) ("count one"), and one count of possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (2006) ("count two"). The district court determined that Moore was an armed career criminal under the U.S. Sentencing Guidelines Manual ("USSG") (2009) and 18 U.S.C. § 924(e) and sentenced him to 180 months' imprisonment on count one and a concurrent term of 120 months' imprisonment on count two. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in concluding that Moore's prior North Carolina state conviction for burning of a schoolhouse qualified as a predicate conviction warranting application of the enhanced sentence mandated by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Moore has filed two pro se supplemental briefs and a letter we construe as another pro se supplemental brief. We affirm.

A defendant is properly designated an armed career criminal if he is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e). USSG § 4B1.4(a). The enhanced sentence under 18 U.S.C. § 924(e) applies to a

2

defendant who violates 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "violent felony" is a crime punishable by imprisonment for a term exceeding one year that is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(ii).

Whether a defendant's prior conviction constitutes a violent felony is an issue of law we review de novo. United States v. Jenkins, 631 F.3d 680, 682 (4th Cir. 2011). To decide whether a prior conviction constitutes a violent felony, courts utilize a categorical approach. Id. at 684. This approach "look[s] only to the elements of the offense . . . . [and] examin[es] [the offense] in terms of how the law defines it and not in terms of how an individual offender might have committed it on a particular occasion." Id. (internal quotation marks and alteration omitted).

A person is guilty of burning of a schoolhouse in North Carolina if that person "wantonly and willfully set[s] fire to or burn[s] or cause[s] to be burned or aid[s], counsel[s,] or procure[s] the burning of, any schoolhouse or building owned, leased[,] or used by any public or private school, college[,] or educational institution." N.C. Gen. Stat.

3

§ 14-60 (2011). This court recently held that the modern, generic crime of arson involves the burning of real or personal property. United States v. Knight, 606 F.3d 171, 174-75 (4th Cir. 2010). Because the North Carolina statute substantially corresponds to the generic, contemporary definition of arson, Moore's conviction under the statute is a violent felony. The district court therefore did not err in concluding that the conviction qualified as an ACCA predicate.

Additionally, in accordance with Anders, we have reviewed the issues in Moore's pro se supplemental briefs and the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4